UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

OSCAR RAMOS,

Plaintiff,

v.

ESPERANZA GARCIA, et al.,

Defendants.

No.  2:24-cv-2921-DAD-SCR

FINDINGS AND RECOMMENDATIONS

Plaintiff Oscar Ramos' motion for a default judgment (ECF No. 14) was heard before the undersigned on April 24, 2025.  No appearance was made by a Defendant or on their behalf.  The motion for default judgment is before the undersigned pursuant to Local Rule 302(c)(19).  The Court hereby recommends that the motion be granted.

**BACKGROUND**

Plaintiff initiated this matter by filing a complaint on October 22, 2024.  ECF No. 1.  Plaintiff alleges that he is a person with a disability who "has no legs due to a catastrophic accident" and uses a wheelchair.  ECF No. 1 at ¶ 6.  Defendants are Esperanza Garcia and Elva Patino Franco who operate the business Taqueria Los Altenos (the "Business") and Zafar Iqbal and Ishrat Begum who own the real property where the Business is located.  *Id*. at ¶ 3.  Plaintiff alleges that he visited the Business on or about February 16, 2024 and September 25, 2024, for

1

the purpose of buying food and drink and that Defendants interfered with his access to the Business. *Id.* at ¶ 12. Plaintiff lives in Fairfield, California, approximately two miles from where the Business is located and routinely travels through the area and plans to return to the Business when the Business is made accessible. *Id.* at ¶ 14.

Plaintiff alleges he encountered various barriers to access, including that the Business did not have a properly designated disabled-accessible parking space. *Id.* at ¶ 4(a). Plaintiff alleges there was not a clearly marked access aisle from the parking lot. *Id.* Inside the Business, Plaintiff alleges the restroom was not accessible for users of wheelchairs. *Id.* at ¶ 4(b). Plaintiff alleges the paper towel dispenser was too high; toilet paper dispenser in the wrong location; and that the turning area was too small and had some furniture blocking it. *Id.* As a result, Plaintiff alleges he: "could not get onto or off the toilet due to defective grab bars. He had to stretch to reach the paper, and hand dryer, causing him pain. He had difficulty maneuvering due to furniture blocking. To flush the toilet, he had to strain to rech [sic] over." *Id.* Plaintiff contends the parking issues could be addressed by new painting and signage for a cost of likely less than $2,000, and that the cost of remedying the bathroom issues would probably be about $5,000. *Id.* at ¶ 5.

Plaintiff's complaint alleges four causes of action: 1) violation of the ADA; 2) violation of California Health and Safety Code §§ 19955 et seq.; 3) violation of California's Civil Rights Acts; and 4) violation of California's Unruh Act. Plaintiff seeks injunctive relief, statutory damages under California law, and litigation costs and fees. ECF No. 1 at 22.

Proof of service of process on the four Defendants was filed on November 29, 2024. ECF No. 9. Plaintiff filed a request for entry of default (ECF No. 10) on January 13, 2025. The request was supported by the Declaration of counsel, Richard MacBride, which averred that all four Defendants had been served. On January 23, 2025, the Clerk entered default (ECF No. 11). On March 11, 2025, Plaintiff filed a motion for default judgment. ECF No. 14. Plaintiff seeks $8,000 in statutory damages, attorney fees of $2,555, costs of $2,239.85, and injunctive relief. ECF No. 14-2 at 22. The motion for default judgment states that it was served on Defendants.

/////

2

ECF No. 14-3.  The matter was heard on April 24, 2025, and no appearance was made by any Defendant or on their behalf.

### LEGAL STANDARDS

Federal Rule of Civil Procedure 55(b)(2) governs applications to the court for default judgment.  Upon entry of default, the complaint's factual allegations regarding liability are taken as true, while allegations regarding the amount of damages must be proven.  *Dundee Cement Co. v. Howard Pipe & Concrete Prods.*, 722 F.2d 1319, 1323 (7th Cir. 1983) (citing *Pope v. United States*, 323 U.S. 1 (1944); *Geddes v. United Fin. Group*, 559 F.2d 557 (9th Cir. 1977)); *see also DirectTV v. Huynh*, 503 F.3d 847, 851 (9th Cir. 2007); *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987).

Where damages are liquidated, i.e., capable of ascertainment from definite figures contained in documentary evidence or in detailed affidavits, judgment by default may be entered without a damages hearing.  *Dundee*, 722 F.2d at 1323.  Unliquidated and punitive damages, however, require "proving up" at an evidentiary hearing or through other means.  *Dundee*, 722 F.2d at 1323-24; *see also James v. Frame*, 6 F.3d 307, 310-11 (5th Cir. 1993).

Granting or denying default judgment is within the court's sound discretion.  *Draper v. Coombs*, 792 F.2d 915, 924-25 (9th Cir. 1986); *Aldabe v. Aldabe*, 616 F.2d. 1089, 1092 (9th Cir. 1980).  The court considers a variety of factors in exercising its discretion.  *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).  Among them are:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel*, 782 F.2d at 1471-72 (citing 6 Moore's Federal Practice ¶ 55-05[2], at 55-24 to 55-26).

/////

/////

/////

3

**ANALYSIS**

**1. The *Eitel* Factors Favor Entry of Default Judgment**

      **a. Possibility of Prejudice to the Plaintiff**

The first *Eitel* factor contemplates the possibility of prejudice to the plaintiff if a default judgment is not entered. *Eitel*, 782 F.2d at 1471. Prejudice can be established where failure to enter a default judgment would leave plaintiff without a proper remedy. *Pepsico, Inc. v. Cal. Sec. Cans*, 238 F.Supp.2d 1172, 1177 (C.D. Cal 2002). Plaintiff argues that without entry of default judgment he is without recourse for recovery or remediation of barriers. ECF No. 14 at 7-8. The Court concurs that because Defendants failed to appear in this action, denial of default judgment would leave Plaintiff no remedy for his injury. Accordingly, the first factor weighs in favor of default judgment.

      **b. Merits of Plaintiff's Substantive Claims and Sufficiency of the Complaint**

The second and third *Eitel* factors jointly examine whether the plaintiff has pleaded facts sufficient to establish and succeed upon its claims. *Pepsico, Inc.*, 238 F.Supp.2d at 1175 (citing *Kleopping v. Fireman's Fund*, 1996 WL 75314, at *2 (N.D. Cal. Feb. 14, 1996)). Plaintiff seeks relief under both state and federal law. Although Plaintiff's complaint asserts four causes of action, he seeks relief under only the ADA and Unruh Act.[1] The Court will examine only the merits of those claims and sufficiency of the complaint below.

      **i. Title III ADA Claim**

Under Title III of the ADA, "[n]o individual shall be discriminated against on the basis of a disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). To succeed on an ADA claim, the plaintiff must demonstrate that: (1) he is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of

/////

---

[1] ECF No. 14 at 8 ("This motion for default judgment addresses only the claims for violation of the ADA and Unruh Act.").

public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of his disability. *See Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007).

As to the third element, "[t]he concept of 'discrimination' under the ADA does not extend only to obviously exclusionary conduct ... Rather, the ADA proscribes more subtle forms of discrimination--such as difficult-to-navigate restrooms and hard-to-open doors--that interfere with disabled individuals' 'full and equal enjoyment' or places of public accommodation." *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 945 (9th Cir. 2011). Thus, "[d]iscrimination includes a failure to remove architectural barriers in existing facilities where such removal is readily achievable." *Molski*, 481 F.3d at 730 citing 42 U.S.C. § 12182(b)(2)(A)(iv).

Here, Plaintiff has alleged that he is disabled and uses a wheelchair. Plaintiff has alleged that Defendants are the owners and operators of the Business and the Business is a retail establishment offering food and drink. Plaintiff has alleged that elements of the parking and bathroom accessibility do not comply with the United States Access Board ADA Accessibility Guidelines ("ADAAG"). The ADAAG lay out the technical structure requirements for places of public accommodation and provide an objective standard for architectural features. *See Fortune v. Am. Multi-Cinema, Inc.*, 364 F.3d 1075, 1080-81 (9th Cir. 2004). Plaintiff has alleged that the parking features and bathroom interfered with his access to and enjoyment of the Business. The Court finds Plaintiff has sufficiently alleged a violation of the ADA.

### ii. Unruh Act

In the disability context, the Unruh Act "operates virtually identically to the ADA" and "[a]ny violation of the ADA necessarily constitutes a violation of the Unruh Act." *Molski*, 481 F.3d at 731. Therefore, the Court finds that Plaintiff has sufficiently alleged an Unruh Act claim. Accordingly, the Court concludes the second and third *Eitel* factors favor granting default judgment.

### c. Sum of Money at Stake

In weighing the fourth *Eitel* factor, "the court must consider the amount of money at stake in relation to the seriousness of the defendant's conduct." *PepsiCo, Inc.*, 238 F.Supp.2d at 1176-

5

77. The factor weighs against default judgment when a large sum of money is at stake. *Eitel*, 782 F. 2d. at 1472. "When the amount at stake is substantial or unreasonable in light of the allegations in the complaint, default judgment is disfavored." *Freligh v. Roc Asset Solutions*, LLC, Case No. 16-cv-653-MEJ, 2016 WL 3748723, at *6 (N.D. Cal. June 8, 2016).

Here, Plaintiff seeks $8,000 in statutory damages and approximately $4,800 in attorney fees and costs. ECF No. 14-2 at 22. This is a relatively modest amount, and thus this factor does not weigh against default judgment.

### d. Possibility of Disputed Material Facts

The fifth *Eitel* factor examines whether a dispute regarding material facts exists. *Eitel*, 782 F.2d. at 1471-72. Here, Defendants failed to appear leading to an entry of default. Given the circumstances there is no possibility for a dispute of material fact. *See Elektra Entm't Group, Inc. v. Crawford*, 226 F.R.D. 388, 393 (C.D. Cal. 2005) ("Because all allegations in a well-pleaded complaint are taken as true after the court clerk enters default judgment, there is no likelihood that any genuine issue of material fact exists"). This factor weighs in favor of a default judgment.

### e. Whether the Default Was Due to Excusable Neglect

The sixth *Eitel* factor considers whether Defendants' failure to answer is due to excusable neglect. *Eitel*, 782 F.2d at 1471-72. This factor considers due process, ensuring defendants are given reasonable notice of the action. *See Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

Here, Defendants were properly served with a copy of the complaint. Additionally, the instant motion for default judgment was served on Defendants. ECF No. 14-3. Further, Plaintiff's counsel at the hearing in April 2025, stated that he was contacted by one of the Defendants shortly after the lawsuit was filed. Under the circumstances, it is unlikely that the Defendants' actions in failing to appear were the result of excusable neglect. *See Shanghai Automation Instrument Co., Ltd. v. Kuei*, 194 F.Supp.2d 995, 1005 (N.D. Cal. 2001) (finding no excusable neglect because the defendants were served with the complaint, the notice of entry of default, as well as the papers in support of the instant motion). This factor does not weigh against default judgment.

### f.  Policy of Deciding Cases on the Merits

The seventh *Eitel* factor considers the courts' general disposition favoring judgments on the merits.  *Eitel* 782 F.2d at 1472.  The Defendants' failure to appear has made a judgment on the merits impossible.  Accordingly, this factor does not weigh strongly against a default judgment.  In consideration of all the *Eitel* factors, the undersigned finds the factors weigh in favor of granting Plaintiff's motion for default judgment.

### 2.  Terms of Judgment

The undersigned having found default judgment is appropriate, must now address the issue of damages and injunctive relief.  After considering the Plaintiff's briefing and the record in this case, the undersigned recommends an award of statutory damages pursuant to the Unruh Act in the amount of $8,000, attorney fees of $2,555, and costs in the amount of $405.  The undersigned recommends the Court grant injunctive relief as set forth below.

### a.  Statutory Damages Under the Unruh Act

Plaintiff seeks damages under the Unruh Act.  "A violation of the right of any individual under the [ADA] shall also constitute a violation of this section."  Cal. Civil Code § 51(f).  The Unruh Act allows for monetary damages, stating that: "Whoever denies, aids or incites a denial, or makes any discrimination or distinction contrary to Section 51 ... is liable for each and every offense for the actual damages ... up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000) and any attorney's fees that may be determined by the court[.]"  Cal. Civil Code § 52(a).  A victim of discrimination, however, "need not prove she suffered actual damages to recover the independent statutory damages of $4,000."  *Molski,* 481 F.3d at 731.  Furthermore, "no showing of intentional discrimination is required where the Unruh Act violation is premised on an ADA violation" to award damages under the Unruh Act.  *Lentini v. Cal. Ctr. for the Arts, Escondido*, 370 F.3d 837, 847 (9th Cir. 2004).

A plaintiff can receive a statutory award for multiple visits to a business.  *See Johnson v. Guedoir*, 218 F.Supp.3d 1096, 1103 (E.D. Cal. 2016) (discussing statutory damages under the Unruh Act and noting that, "[t]he general consensus of cases allow for a plaintiff to recover statutory damages for multiple visits to a facility").  As evidenced by the cases in Plaintiff's

briefing, courts regularly award statutory damages in the $8,000 to $16,000 range for cases with multiple visits. ECF No. 14 at 18. The California Supreme Court has suggested in dicta that there may be "potential equitable defenses" and "constitutional limitations on damage awards that are based upon violation of a statute." *Angelucci v. Century Supper Club*, 41 Cal.4th 160, 179-180 (2007). Additionally, some courts have found a duty to mitigate damages. *See Johnson*, 218 F.Supp.3d at 1103 ("the cases that have found a failure to mitigate on a plaintiff's part have involved situations where the plaintiff sought recovery of multiple visits to a non-compliant facility in a short amount of time"). Here, as Defendants are in default, no arguments concerning limitation of statutory damages or mitigation are presented, and Plaintiff's two visits to the Business were seven months apart. The Court recommends awarding the requested $8,000 in statutory damages.

### b. Attorney Fees and Costs

Under the ADA, a prevailing party may recover attorney fees. *See* 42 U.S.C. § 12205. Additionally, a party found to have violated the Unruh Act is liable for attorney fees. Cal. Civ. Code § 52(a). In assessing the reasonableness of a fee award, district courts start with "the lodestar method, multiplying the number of hours reasonably expended by the reasonable hourly rate." *Ryan v. Editions Ltd., Inc.*, 786 F.3d 754, 763 (9th Cir. 2015) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). "By and large, the [district] court should defer to the winning lawyer's professional judgment as to how much time he or she was required to spend on the case." *Id.* (quotation omitted). The district court may reduce fees to reflect the party's limited degree of success, to account for block billing, or deduct hours that the court deems excessive. *Id.* "Ultimately, the district court has discretion in determining a reasonable fee, but the court must exercise that discretion consistently with the principles described above." *Vogel v. Harbor Plaza Center, LLC*, 893 F.3d 1152, 1158 (9th Cir. 2018).

Plaintiff seeks a rate of $350/hour. Plaintiff has been practicing law for over 25 years, and states he has litigated approximately 550 ADA claims. ECF No. 14 at 21. The Court finds the $350 rate to be reasonable. Plaintiff spent a modest amount of time on this matter, 7.3 hours, /////

which the Court finds to be reasonable.  Thus the Court will approve the attorney fee request of $2,555.

As to costs, Plaintiff's counsel does not discuss costs in his declaration other than in a footnote in his "matrix time sheet of attorney's fees and costs." ECF No. 14-1 at 3-4.  The description of costs is as follows: "Costs: Obtain ownership deed information from assessor's office $150. Filing fee $405. Service of process $189.50 + $109.50 + $187.00 + $107.00 + $172.25 + $347.00 + $187.50 + $189.50 + $195.60. Total Costs: $2,239.85. Note: High cost of service of process is because there were four defendants, and the Court issued new documents that had to be re-served, so in effect there were two rounds of service needed." ECF No. 14-1 at 4.  Counsel provides no documentation to support the service fees or the fees incurred from the assessor's office.

"The party moving for costs bears the burden of demonstrating the reasonableness of each charge; failure to provide adequate documentation of costs incurred will limit, or even defeat, recovery." *Feltzin v. Union Mall LLC*, 393 F.Supp.3d 204, 218 (E.D.N.Y. 2019).  The ADA under § 12205 allows recovery for "litigation expenses" which generally includes "costs related to filing fees, process servers, postage, and photocopying." *Id*. at 218 (citation omitted).  "Filing fees are recoverable without supporting documentation if verified by the docket." *Id*. at 219. Process server fees are recoverable but must be supported by documentation. *Id.*, *see also Joe Hand Promotions v. Albright*, 2013 WL 4094403 (E.D. Cal. 2013) (denying service fees as costs because they were "insufficiently documented").

Plaintiff has not provided documentation in the form or receipts or invoices for the claimed expenses.  The Court can discern from the docket that the $405 filing fee was paid, and that cost will be awarded.  No documentation was provided with the request for fees to substantiate the over $1,600 of claimed expenses for service of process.  The Court notes that the previously filed proof of service documents do contain some indication of the fees charged.  ECF No. 9.  However, those charges are generally $189.50 or $109.50.  Thus, they do not match some of the fees from the matrix, such as the $347.00 or $107.00.  The Court recommends the request

for service fees be denied without prejudice to filing a properly supported motion for costs within 14 days of the entry of judgment.  Finally, Plaintiff also seeks $150 for obtaining deed ownership information from the assessor's office.  There is no documentation to support this amount, and it will be denied.  *See Feltzin*, 393 F.Supp.3d at 219 (denying $200 for title search due to failure to provide supporting documentation).  Thus, the Court recommends a total award of costs of $405.

### c.  Injunctive Relief

The Complaint and the motion for default judgment request injunctive relief concerning parking and the restroom**.**  Section 12188(a)(2) of the ADA allows for injunctive relief to "include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities."  42 U.S.C. § 12188(a)(2).  In order to obtain injunctive relief, a plaintiff needs to show that remediation of the barriers was "readily achievable."  *Sepulveda v. Cong*, 2020 WL 7232900, *6 (N.D. Cal. 2020), *citing Moreno v. La Curacao*, 463 F.App'x 669, 670 (9th Cir. 2011).  Plaintiff has alleged in the complaint that removal of the identified barriers to access is readily achievable and would likely cost less than $7,000 combined to remediate the parking and the restroom.  ECF No. 1 at ¶ 5.  It may be that Defendants have already taken some steps to remediate these issues, as it was discussed at the hearing that Defendants had made some changes to the parking.  However, Defendants did not appear and thus the record does not establish what remediation efforts have occurred.  The Court recommends that Plaintiff be granted injunctive relief as requested in the motion and proposed order.  ECF No. 14-2 at 22-23.

## CONCLUSION

Having considered the *Eitel* factors, the undersigned finds they weigh in favor of a default judgment for Plaintiff.  The undersigned finds that an award of statutory damages in the amount of $8,000.00 is appropriate, plus an award of fees and certain costs.

**IT IS HEREBY RECOMMENDED** that:

1.  Plaintiff's motion for default judgment (ECF No. 14) be GRANTED IN PART as set forth herein;

/////

2. Judgment be entered in favor of Plaintiff and against Defendants in the sum of $10,960, as follows:

    a. $8,000.00 in statutory damages under the Unruh Act;

    b. $2,555.00 in attorney's fees; and

    c. $405.00 in costs.

3. Judgment shall also include injunctive relief requiring the Defendants to provide the following:

    a. A compliant disabled parking space, as follows. A properly designated disabled-accessible van-accessible parking space on the shortest accessible route to the main entrance, in compliance with ADAAG 4.6.2 (1991) (requiring shortest route), 4.1.2(b) (1991) (one in eight, but no less than one, must be "van accessible" as per ADAAG 4.6.4); and ADAS §208, §208.3.1; §502 (requirement for parking space), and §502.3 (requirement for access aisle)(2010 standards). Further, provide proper signage for a disabled parking space, in compliance with ADAAG 4.6.4 (1991 standards) and ADAAG 502.6 (2010 standards), ADAAG 4.6.4 (1991 standards), and 502.6 and 703.2.1 (2010 standards)(signage, and parking space designated "van accessible"). Further, provide the space in compliance with California Building Code ("CBC") 11B 208.3.1 (parking space on shortest accessible route); CBC11B-208 (paint to delineate the space itself and an access aisle), CBC11B-705.1.2.5 (detectable warnings at hazardous vehicle areas), CBC11B-502.2 (proper vehicle space dimensions), CBC11B-502.6.4 (surface identification), CBC11B-502.6 ("$250 fine" sign; "van accessible" sign), CBC 11B-208.2.4 ("van accessible" space required for one in every six spaces); and CBC 11B-502.3.3 ("no parking" was not painted in a properly configured access aisle).

    b. A compliant restroom, as follows. A properly-configured restroom with: grab bars next to and behind the toilet, in compliance with ADAAG 4.16.4, 4.26 Fig. 29 (1991 standards), ADAAG 604.5 (2010 standards), and CBC 11B-

11

604.5; maneuvering space inside the restroom (60 inches turning space), in compliance with ADAAG 4.16.2 (1991 standards), ADAAG 304.3 (2010 standards), and CBC 11B-304.3.1; a paper towel dispenser and a soap dispenser with height in compliance with ADAAG 4.23.7 and 4.27.3 (1991 standards)(15 to 48 inches high), ADAAG 308.2.1 (2010 standards)(15 to 48 inches high), and 11B-603.5 (40 inches high); a toilet paper dispenser positioned in compliance with ADAAG 4.16.6 (1991 standards), ADAAG § 604.7 (2010 standards)(7 inches minimum and 9 inches maximum in front of toilet, and 15-48 inches AFF), and CBC 11B-604.9.6 (7 to 9 inches in front of toilet and 14 to 19 inches AFF); a sink with the proper dimensions, with sufficient space for legs or feet underneath, in compliance with ADAAG 4.24.3 (clearance of 27 inches high, 30 inches wide, and 19 inches deep)(1991 standards), ADAS 306.3 (2010 standards), and CBC 11B-306.3 (knee clearance under sink [9 to 27 inches]).

    c.   That these standards be subject to the "readily achievable" standard and susceptible to alternative methods if not "readily achievable."

4.   Plaintiff be allowed to submit a supplemental motion for costs within fourteen (14) days from the date of entry of judgment to address those costs that were not properly documented.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **fourteen (14) days** after these findings and recommendations are filed, any party may file written objections with the court. A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within 14 days after service of the objections. The parties are advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order. *See Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: March 11, 2026.

12

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE