UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSCAR RAMOS,<br><br>       Plaintiff,<br><br>       v.<br><br>ESPERANZA GARCIA, et al.,<br><br>       Defendants. | No. 2:24-cv-02921-DAD-SCR<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT<br><br>(Doc. Nos. 14, 18) |

This matter is before the court on plaintiff's motions for default judgment. (Doc. No. 14.) The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On March 11, 2025, the assigned magistrate judge issued amended findings and recommendations recommending that plaintiff's motion for entry of default judgment be granted. (Doc. No. 18.) Specifically, the magistrate judge concluded that under the applicable legal standards plaintiff was entitled to the entry of a default judgment against defendants as to all claims asserted in this action. (*Id.* at 4–7.) As to the terms of the judgment, plaintiff had sought $8,000 in statutory damages, $2,555.00 in attorney's fees and $2,239.00 in costs. The magistrate judge adopted these requests with the exception of costs and instead recommended the award of

/////

1

$405 in costs without prejudice to a supplemental motion properly documenting the remainder of the costs claimed with respect to service fees and obtaining deed ownership information. (*Id.* at 9–10, 12.)

The pending findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within fourteen (14) days after service. (*Id.* at 14.) Defendants have failed to appear in this action and therefore have filed no objections. On March 15, 2025, plaintiff's counsel filed a supplemental declaration in support of the pending motion for default judgment providing the missing invoices reflecting fees for service of process in the total amount of $1,684.35. (Doc. No. 19.) The court will construe that filing as a timely objection to the findings and recommendations and include the now substantiated amount in the cost award as part of the judgment.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including plaintiff's objections, the court concludes that the findings and recommendations are supported by the record and by proper analysis.

Accordingly:

1.    The amended findings and recommendations issued on March 11, 2026 (Doc. No. 18), are adopted;

2.    Judgment shall be entered in favor of Plaintiff and against Defendants in the sum of $12,644.35, as follows

    a.  $8,000.00 in statutory damages under the Unruh Act;

    b.  $2,555.00 in attorney's fees; and

    c.  $2,089.35 in costs.

3.  Judgment shall also include injunctive relief requiring the defendants to provide the following:

    a.  A compliant disabled parking space, as follows. A properly designated disabled-accessible van-accessible parking space on the shortest accessible route to the main entrance, in compliance with ADAAG 4.6.2 (1991)

(requiring shortest route), 4.1.2(b) (1991) (one in eight, but no less than one, must be "van accessible" as per ADAAG 4.6.4); and ADAS §208, §208.3.1; §502 (requirement for parking space), and §502.3 (requirement for access aisle)(2010 standards). Further, provide proper signage for a disabled parking space, in compliance with ADAAG 4.6.4 (1991 standards) and ADAAG 502.6 (2010 standards), ADAAG 4.6.4 (1991 standards), and 502.6 and 703.2.1 (2010 standards)(signage, and parking space designated "van accessible"). Further, provide the space in compliance with California Building Code ("CBC") 11B 208.3.1 (parking space on shortest accessible route); CBC11B-208 (paint to delineate the space itself and an access aisle), CBC11B-705.1.2.5 (detectable warnings at hazardous vehicle areas), CBC11B-502.2 (proper vehicle space dimensions), CBC11B-502.6.4 (surface identification), CBC11B-502.6 ("$250 fine" sign; "van accessible" sign), CBC 11B-208.2.4 ("van accessible" space required for one in every six spaces); and CBC 11B-502.3.3 ("no parking" was not painted in a properly configured access aisle).

b.  A compliant restroom, as follows.  A properly-configured restroom with: grab bars next to and behind the toilet, in compliance with ADAAG 4.16.4, 4.26 Fig. 29 (1991 standards), ADAAG 604.5 (2010 standards), and CBC 11B-604.5; maneuvering space inside the restroom (60 inches turning space), in compliance with ADAAG 4.16.2 (1991 standards), ADAAG 304.3 (2010 standards), and CBC 11B-304.3.1; a paper towel dispenser and a soap dispenser with height in compliance with ADAAG 4.23.7 and 4.27.3 (1991 standards)(15 to 48 inches high), ADAAG 308.2.1 (2010 standards)(15 to 48 inches high), and 11B-603.5 (40 inches high); a toilet paper dispenser positioned in compliance with ADAAG 4.16.6 (1991 standards), ADAAG § 604.7 (2010 standards)(7 inches minimum and 9 inches maximum in front of toilet, and 15-48 inches AFF), and CBC 11B-604.9.6 (7 to 9 inches in front of toilet and 14 to 19 inches AFF); a sink with the proper dimensions, with

3

sufficient space for legs or feet underneath, in compliance with ADAAG 4.24.3 (clearance of 27 inches high, 30 inches wide, and 19 inches deep)(1991 standards), ADAS 306.3 (2010 standards), and CBC 11B-306.3 (knee clearance under sink [9 to 27 inches]). c. That these standards be subject to the "readily achievable" standard and susceptible to alternative methods if not "readily achievable." Plaintiff's motion for entry of default judgment (Doc. No. 14) is granted;

    c.  That these standards be subject to the "readily achievable" standard and susceptible to alternative methods if not "readily achievable"; and

4.  The Clerk of the Court is directed to ENTER judgment in favor of plaintiff and to CLOSE this case.

IT IS SO ORDERED.

Dated:   **March 30, 2026**          _Dale A. Drozd_____
                               DALE A. DROZD
                               UNITED STATES DISTRICT JUDGE